UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRETT LEE WILLIAMS,** | 1:16-CV-540-LJO-EPG |
| Plaintiff, | **SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| **TERRY ELI HILL, M.D., et al.,** | |
| Defendants. | |

**PRELIMINARY STATEMENT**

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout

the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

### I. Screening requirement and standard.

Plaintiff Brett Lee Williams is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 18, 2016, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mereconclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted). The sheer possibility

that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Id.*

## II. Plaintiff's allegations.[1]

Plaintiff brings various claims against the following Defendants: (1) Terry Eli Hill, M.D., in his official capacity as Chief Executive Officer of California Correctional Health Care Service ("CCHCS"); (2) J. Lewis, in his/her official capacity as Deputy Direct of CCHCS Policy and Risk Management Services; (3) C. Kerie, in his/her official capacity as an employee of CCHCS Policy and Risk Management Services; (4) Ronald J. Rackley, in his official capacity as Warden of FSP; (5) Teresa Kamura-Yip, in her official capacity as Chief Executive Officer of FSP/CCHCS; (6) K. Young, in her official capacity as a Health Care Appeals Analyst; (7) Benjamin Lee, M.D., in his official capacity as Plaintiff's primary care provider at FSP; (8) E. Flores, M.D., in his official capacity as Plaintiff's health care provider at "NKSP"[2]; and (9) I. Ogbuehi, in her official capacity as nurse practitioner at "PVSP."[3]

Plaintiff is and has been incarcerated in Folsom State Prison ("FSP") since January 10, 2013. Plaintiff was previously incarcerated at Corcoran State Prison ("CSP"), NKSP, and PVSP, though he does not state when beyond indicating that he was at CSP in 2008, NKSP at various times in 2009 and 2010, and at PVSP in May 2012. At some point during his incarceration, Plaintiff was exposed to Coccidioides immitis,[4] which caused him to develop obstructive sleep apnea and allergic rhinitis. It appears that this occurred sometime in 2008 while Plaintiff was incarcerated at CSP.

Plaintiff brings five claims against Defendants under § 1983. The first two allege Defendants violated Plaintiff's rights under the Eighth Amendment and its state law corollary, Article I, § 17 of the

---

[1] The Court assumes as true the following facts, which are drawn from Plaintiff's complaint.

[2] Plaintiff does not state what "NKSP" stands for, but the Court assumes it stands for North Kern State Prison.

[3] Plaintiff does not state what "PVSP" stands for, but the Court assumes it stands for Pleasant Valley State Prison.

[4] This fungus, also referred to as "cocci," is endemic to the San Joaquin Valley soil. *See Edison v. United States*, __ F.3d __, 2016 WL 294637, at *2 (9th Cir. May 20, 2016).

3

California Constitution ("§ 17").[5] Both claims are based on Plaintiff's assertion that Defendants did so

> by not informing Plaintiff that he had a high risk for future irreparable serious medical harm from Cocci exposure; that [his] Obstructive Sleep Apnea at night and Allergic Rhinitis during the day were injuries linked to Cocci exposure while Defendants housed Plaintiff in known Cocci endemic areas; and fail[ing] to render recommended medical treatment for said chronic Cocci linked injuries.

Plaintiff's third and fourth claims, brought under the Fourteenth Amendment and Article I, § 15 of the California Constitution ("§ 15"),[6] are also premised on these assertions, but also allege that Defendants violated his Due Process rights "by their participation in retaliatory acts to impede Plaintiff from timely filing tort claims after Plaintiff filed . . . [a] grievance." Plaintiff's fifth claim, brought under the First Amendment and its state law corollary, Article I, § 2(a) of the California Constitution ("§ 2(a)"),[7] repeats all of these assertions, but adds the allegation that Defendants violated his First Amendment and § 2(a) rights "by their participation in acts to chill/prevent/impede Plaintiff from timely filing tort claim notices after Plaintiff filed  . . . [a] grievance."

**III. Plaintiff's complaint fails to state a claim.**

    **1.  Eighth Amendment.**

Under the Eighth Amendment, "prison officials are ... prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." *Parsons v. Ryan*, 754 F.3d 657, 677 (9th Cir. 2014); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" *Solis v. Cty. of Los Angeles*, 514

---

[5] Although the Eighth Amendment and § 17 differ in that the former prohibits "cruel *and* unusual" punishment and the latter prohibits "cruel *or* unusual" punishment, there is no substantive difference between them for purposes of Plaintiff's claims. *See People v. Mendoza*, 62 Cal.4th 856, 911 (2016). For the sake of simplicity, the Court will refer only to the Eighth Amendment when addressing Plaintiff's first two claims.

[6] To the extent Plaintiff's claims are based on § 15, the Court cannot conceive how that provision, which concerns the rights of criminal defendants in criminal prosecutions, is applicable to Plaintiff's claims.

[7] Here, there is no substantive difference between § 2(a) and the First Amendment. *See Sander v. State Bar of Calif.*, 58 Cal.4th 300, 319 n.7 (noting that § 2(a) is California's "state counterpart" to the First Amendment). For simplicity's sake, the Court will refer only to the First Amendment when addressing Plaintiff's fifth claim.

F.3d 946, 957 (9th Cir. 2008). A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35

Plaintiff's first two claims do not state a viable claim for a number of reasons. To the extent the claims are premised on Defendants' failure to warn Plaintiff of the dangers posed by cocci exposure, the claims fail. The Court is unaware of any case holding that a prison official's failure to warn an inmate of a potential dangerous condition could provide the basis for an Eighth Amendment violation.

To the extent Plaintiff's claims are premised on his assertion that Defendants violated his rights by exposing him to cocci, his claims fail. First, Plaintiff appears to allege he was first exposed to cocci sometime in 2008 when housed at Corcoran. None of the Defendants is alleged to have been involved with CSP or the decision of housing Plaintiff there. Nor are Defendants alleged to have any control over where Plaintiff is housed. Second, Plaintiff fails to allege any facts suggesting that, at the time of his placement in CSP, Defendants knew of the alleged danger cocci in the area posed and failed to respond. Put another way, Plaintiff fails to allege facts demonstrating that Defendants were deliberately indifferent to the risks cocci posed to Plaintiff.

**2. Medical claims.**

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). *Lopez* takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a Court must examine whether the plaintiff's medical needs were serious. *See id.* Second, a Court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." *Id.* at 1132. "The indifference to his medical needs must be

substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff does not allege facts suggesting any Defendant was deliberately indifferent to Plaintiff's serious medical needs.[8] The primary basis for Plaintiff's medical claims is that some of the Defendants did not implement the recommendations of some of his previous medical providers. Specifically, Plaintiff claims certain Defendants refused to prescribe Plaintiff certain prescriptions and procedures that his previous doctors had recommended, instead denying them or prescribing him different ones. Plaintiff also alleges Defendants failed to inform him that his medical problems were linked to his cocci exposure when they first presented. At best, Plaintiff's allegations suggest a mere difference of medical opinion and/or a failure to diagnose Plaintiff correctly. They do not suggest medical malpractice—which would still be insufficient under the Eighth Amendment—much less deliberate indifference, particularly given that Plaintiff does not allege any resulting injury from Defendants' alleged conduct.

### 3. Fourteenth and First Amendment claims.

Plaintiff's remaining claims are premised on his assertion that various Defendants violated his rights under the First and Fourteenth Amendment, § 15, § 17, and § 2(a), by impeding his ability to file a tort claim associated with his medical treatment. The basis for this assertion is not entirely clear. Plaintiff claims certain Defendants failed to process his medical tort claim and his multiple appeals of the denial of the claim in a timely manner. But it does not appear Plaintiff was unable to file the claim or appeals, or that any alleged delay affected Plaintiff's rights. In fact, Plaintiff alleges that he "completed the tort claim notice proceedings on August 21, 2015." Plaintiff provides as attachments to his complaint a document from the Office of Third Level Appeals denying his third appeal and informing Plaintiff that its decision "exhausts his administrative remedies." Plaintiff also provides as an attachment an August

---

[8] The Court finds Plaintiff's alleged medical conditions are serious.

6

21, 2015 document from the Victim Compensation and Government Claims Board stating that Board's belief that "the court system is the appropriate means for resolution of [Plaintiff's] claim," that the Board would act on his claim on September 17, 2015, and that the Board's rejection of his claim will allow Plaintiff to litigate the claim. The Court therefore cannot discern how any of Plaintiff's rights were violated, even assuming Defendants did not timely process Plaintiff's claims and appeals as he alleges for retaliatory reasons.

**IV. Conclusion and Order.**

For the reasons stated, Plaintiff's complaint fails to state a claim on which relief may be granted. Accordingly, the Court DISMISSES Plaintiff's complaint. Plaintiff is granted leave to file an amended complaint within 30 days of service of this Order.

If Plaintiff elects to amend his complaint, he may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *George*, 507 F.3d at 607 (no "buckshot" complaints). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S.Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an

affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff therefore must explain who did what, when, and how his/her conduct was unlawful.

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Thus, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. Local Rule 220.

IT IS SO ORDERED.

Dated:   **June 20, 2016**                               /s/ Lawrence J. O'Neill
                                                    UNITED STATES CHIEF DISTRICT JUDGE