UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT LEE WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>T. E. HILL, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00540-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND ABEYANCE<br><br>(ECF NO. 26)<br><br>THIRTY DAY DEADLINE |

Brett Williams ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed a First Amended Complaint on July 27, 2016. (ECF No. 9). On April 26, 2017, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim on which relief may be granted. (ECF No. 10, p. 19). The Court also granted Plaintiff partial leave to amend, with a thirty day deadline. (Id.).

On May 15, 2017, Plaintiff filed a request for an extension of time to file an amended complaint, which was granted. Plaintiff was given until June 30, 2017, to file an amended complaint. (ECF No. 12).

Because Plaintiff failed to file an amended complaint, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to state a claim, failure to comply with a court order, and failure to prosecute this case. (ECF No. 25).

On October 2, 2017, Plaintiff filed a motion for stay and abeyance. (ECF No. 26). "The purpose for this motion is to file Rule 60(B)(6) in the Ninth Circuit Court of Appeals on case docket number 17-16261 while this matter is pending the results of Ninth Circuit's findings." (Id. at 1).

1

A district court "has the inherent authority to control its own docket and calendar." Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). "[A]s an incident to its power to control its own docket," a district court has "broad discretion to stay proceedings." Clinton v. Jones, 520 U.S. 681, 706 (1997).

Plaintiff's motion for a stay will be denied. The United States Court of Appeals for the Ninth Circuit has dismissed Plaintiff's appeal (ECF No. 22), and the mandate has been issued (ECF No. 23). Moreover, it does not appear likely that Plaintiff's Rule 60(b) motion will be granted.[1] Accordingly, there is no reason to stay this case.

However, the Court will grant Plaintiff an additional 30 days to respond to the order to show cause.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for stay and abeyance is DENIED; and
2. Plaintiff has **thirty (30) days** from the date of service to show cause why this case should not be dismissed for failure to state a claim, failure to comply with a court order, and failure to prosecute. If Plaintiff files his amended complaint within this thirty day period the Court will discharge the order to show cause. **Failure to respond will result in dismissal of the case.**

IT IS SO ORDERED.

Dated: **October 5, 2017**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion for a stay includes Plaintiff's arguments related to his Rule 60(b) motion. Plaintiff appears to be arguing that a final judgment was entered on some of his claims. However, judgment has not been entered in this case, and while Plaintiff's First Amended Complaint was dismissed, he was given partial leave to amend (ECF No. 10, p. 19).