UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT LEE WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>T. E. HILL, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00540-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br>(ECF NO. 35)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

    Brett Williams ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 17, 2018, Plaintiff filed a motion for a preliminary injunction ("the Motion"). (ECF No. 35).

I. **THE MOTION**

    According to the Motion, "Folsom State Prison defendants since 2013 have used fraud to conceal the July 21, 2010 consult diagnosising [sic] obstructive sleep anpea [sic] (OSA)…."

    "Another example of fraud through omission is for the diagnosed diastolic dysfunction of plaintiff's mitral valves regurgitations." Defendants Lee and Penmetcha omitted relevant information from Plaintiff's progress notes. Dr. Cacho intentionally omitted Dr. Olowoeye's diagnosis of diastolic dysfunction due to mitral valve regurgitation. Instead of providing the correct diagnosis, Dr. Cacho "used easy fatigue which is associated mitral valve regurgitation and impairment to deceive plaintiff."

Plaintiff alleges that the fraud was committed to deny him necessary medical care. Plaintiff alleges that, due to this conduct, Defendants will alter his medical records. Plaintiff also alleges that there is a system wide practice of "retaliatory medical records." Accordingly, Plaintiff asks for a preliminary injunction to "protect the already submitted evidence source date within the defendants' possession from imminent threat of destruction or alteration."

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance

for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

### III. ANALYSIS

The Court will recommend that the Motion be denied because he has not established that irreparable harm is likely. It appears that Plaintiff is asking for an injunction to prevent Defendants from altering or destroying Plaintiff's medical records. However, even if Plaintiff's allegations regarding certain Defendants omitting things from his medical record and misleading Plaintiff regarding a diagnosis are true, it does not appear that any of the defendants have actually destroyed or altered any of Plaintiff's existing medical records. Plaintiff complains about "fraud through omission," not the destruction or alteration of existing medical records. He has also not put forth any evidence that suggests that Defendants will begin destroying or altering medical records in the future.

### IV. CONCLUSION AND RECOMMENDATION

As Plaintiff has failed to show a likelihood of irreparable harm, the Motion should be denied.

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a preliminary injunction be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 18, 2018**　　　　　　　/s/ Erin P. Gro[illegible]
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE