1

2

3

4

5

6

7

8

9                     UNITED STATES DISTRICT COURT

10                     EASTERN DISTRICT OF CALIFORNIA

11

12   BRETT LEE WILLIAMS,                    Case No. 1:16-cv-00540-LJO-EPG (PC)

13              Plaintiff,                  ORDER DENYING PLAINTIFF'S MOTION
                                            FOR STAY AND ABEYANCE
14        v.
                                            (ECF NO. 40)
15   T. E. HILL, et al.,

16              Defendants.

17

18

19        Brett Williams ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action

20   filed pursuant to 42 U.S.C. § 1983.  Plaintiff's Second Amended Complaint (ECF No. 33) is

21   currently awaiting screening.

22        On June 28, 2018, Plaintiff filed a motion "for stay and abeyance." (ECF No. 38).  While

23   Plaintiff's motion was titled as a motion for a stay, it appeared that Plaintiff was actually asking

24   for leave to file an amended complaint, and for time to do so because he was exhausting his

25   administrative remedies for the claims he wished to add.  Thus, the Court treated Plaintiff's

26   motion as a motion for leave to amend, and granted it in part.  (ECF No. 39).  Plaintiff was given

27   ninety days from July 12, 2018, to file his Third Amended Complaint.  (Id.).

28        On July 25, 2018, Plaintiff filed another motion for stay and abeyance ("the Motion").

(ECF No. 40).  Once again, Plaintiff states that he is attempting to exhaust claims that he wishes to add to this case.  (Id. at 2).  Plaintiff asks that this case be stayed until thirty days after he finishes exhausting these claims.  (Id.).

United States district courts have inherent authority to stay proceedings, for "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); accord Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  This is true even if the issues in such proceedings are not necessarily controlling with respect to the action before the court.  Id. at 863-64.

In exercising its discretion, a court must evaluate the competing interests affected by either granting or refusing a stay, including "the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).  Put another way, "[i]n determining whether to stay proceedings, the Court considers the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party." Single Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).  A court must "balance the length of the stay against the strength of the justification given for it." Yong v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite," courts "require a greater showing to justify it." Id.

After considering judicial economy, hardship to Plaintiff, and potential prejudice to the defendants in this case, the Court will deny the Motion.  Plaintiff's case was filed on April 18, 2016.  Plaintiff's First Amended Complaint was screened and dismissed on April 26, 2017 (ECF No. 10), and he did not file his Second Amended Complaint until February 9, 2018 (ECF No. 33).

Despite the fact that it took almost a year for Plaintiff to file his Second Amended Complaint after his First Amended Complaint was dismissed, when Plaintiff requested leave to file a Third Amended Complaint and time to do so because he needed time to finish exhausting, the Court allowed Plaintiff to file a Third Amended Complaint and gave him ninety days in which to do so. It is now time for this case to move forward.

Additionally, Plaintiff has not explained why the ninety-day extension he was already granted is insufficient, or provided an estimate for how long it will take him to finish exhausting.

Finally, denial of the Motion will harm plaintiff in any meaningful way. Plaintiff may file a separate lawsuit if he has new meritorious claims that he is unable to bring in this case due to the failure to finish exhausting administrative remedies.

Accordingly, based on the foregoing, IT IS ORDERED that the Motion is denied.

IT IS SO ORDERED.

Dated:  __July 27, 2018__                      /s/ _Errin P. Grorg_
                                        UNITED STATES MAGISTRATE JUDGE