UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT LEE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. E. HILL, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00540-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 41) |

Brett Williams ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 12, 2018, the Court granted Plaintiff's motion for leave to amend in part. (ECF No. 39). The Court did not stay the case as requested, but Plaintiff was granted leave to amend, and ninety days in which to file his Third Amended Complaint. (Id.).

On July 25, 2018, Plaintiff filed an objection to the order (ECF No. 41), which the Court construes as a motion for reconsideration. According to Plaintiff, the Court misstated the record by stating in the order that Plaintiff was seeking the Court's permission to file grievances.

///

///

1

Plaintiff requests that the Court correct the record by withdrawing the order, and that the Court grant his newly filed motion for stay and abeyance.[1]

Federal Rule of Civil Procedure 60(b) governs grounds for relief from an order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff has failed to show any of the above-mentioned reasons. Plaintiff is incorrect that the Court's order was based on a misreading of Plaintiff's motion. In fact, the Court stated in the order that Plaintiff wanted additional time "because he is currently exhausting his administrative remedies for the claims he wishes to add." (ECF No. 39, p. 1). Based on Plaintiff's motion for reconsideration, this is exactly why Plaintiff requested additional time.

While the Court did state in a footnote that it appeared that Plaintiff might be asking for a court order directing him to file grievances (because Plaintiff asked that he "be ordered to exhaust all pending grievances" (ECF No. 38, p. 3)), this had no bearing on the amount of time the Court granted Plaintiff to file his Third Amended Complaint, and does not need to be corrected.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's motion for reconsideration is DENIED.
IT IS SO ORDERED.

Dated: **July 27, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] A separate order will issue on the motion for stay and abeyance (ECF No. 40).

2

3